In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00238-CR**
**NO. 09-13-00239-CR**
**NO. 09-13-00240-CR**

_____

**DONALD DWAYNE PORTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 12-13717, 12-13859, 12-14702**

## MEMORANDUM OPINION

Pursuant to plea bargain agreements, Donald Dwayne Porter pleaded guilty to two counts of forgery and one count of possession of a controlled substance.[1] In each case, the trial court found Porter guilty, suspended imposition of sentence, and placed Porter on community supervision for five years. The State later filed a

_____

[1]Porter is also referred to in the records as "Donald Dewayne Porter" and "Donald Porter."

1

motion to revoke Porter's community supervision in all three cases. In each case, Porter pleaded "true" to violating a condition of his community supervision. The trial court found that Porter violated the conditions of his community supervision, revoked Porter's community supervision in each case, and sentenced Porter to two years in state jail for the two forgery counts, and five years in prison for possession of a controlled substance. The trial court ordered that Porter's sentences would run consecutively.

Porter's appellate counsel filed briefs that present counsel's professional evaluation of the record and conclude Porter's appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Porter filed a *pro se* brief in response. The Texas Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, we may determine that: (1) "the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We have determined that these appeals are wholly frivolous. We have independently examined the clerk's records and the reporter's records, and we agree that no arguable issues

2

support the appeals. We find it unnecessary to order appointment of new counsel to re-brief the appeals. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgments.[2]

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 11, 2013
Opinion Delivered January 8, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2]Porter may challenge our decision in these cases by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3